**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | 2004-CV-0034 |
| v. | |
| **CLEOPHA BENNETT,** | |
| **Defendant.** | |

TO: Joycelyn Hewlett, Esq., AUSA
    Martial A. Webster, Esq.

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

THIS MATTER came before the Court upon Defendant's Motion For Reconsideration (Docket No. 31). The government filed a response to said motion, and Defendant filed a reply thereto.

Based upon the representations of the government, the Court previously found that Defendant had not properly redeemed the property at issue in this matter. Defendant's said motion for reconsideration seeks a reversal of such finding based upon Defendant's alleged reliance upon an oral representation from a clerk in the United States Marshal's Office regarding the redemption amount. The proffered evidence by Defendant does not

*United States v. Bennett*
2004-CV-0034
Order Denying Motion For Reconsideration
Page 2

persuade the Court to reverse its previous finding. In fact, Defendant admits that the amount paid by Defendant was insufficient. *See* Motion at 2.

Although Defendant cites no case or other law to support her arguments, the Court will treat her arguments as an estoppel claim against the government. The essential elements of an estoppel claim against the government include: 1.) a false representation, 2.) an error in a statement of fact, 3.) the person asserting estoppel must be ignorant of the true facts, 4.) the person asserting estoppel must be adversely affected, and 5.) the person asserting estoppel must establish "'affirmative misconduct on the part of the governmental officials.'" *Fredericks v. Commissioner of Internal Revenue*, 126 F.3d 433, 438 (3d Cir. 1997) (citing *Estate of Emerson v. Commissioner*, 67 T.C. 612, 617-18, 1977 WL 3636 (1977) and quoting *United States v. Asmar*, 827 F.2d 907, 911 n.4, 912 (3d Cir. 1987)).

The Court finds that Defendant's reliance upon the oral representation by a clerk in the United States Marshal's Office was unreasonable given the fact that the United States Attorney's office previously had confirmed in writing to counsel for Defendant on two occasions the redemption amount as of a date certain referenced in the correspondence as well as the interest accruing per diem. Thus, even though the clerk may have made a false representation or made an error in a statement of fact, Defendant cannot claim to have been ignorant of the true facts. In addition, the Court finds that the error made by the clerk in

*United States v. Bennett*
2004-CV-0034
Order Denying Motion For Reconsideration
Page 3

the United States Marshal's Office does not constitute affirmative misconduct on the part of government officials sufficient to support a claim of estoppel. *See, e.g., Community Health Servs. of Crawford County v. Califano,* 698 F.2d 615, 621-22 (3d Cir.1983), *rev'd on other grounds sub nom. Heckler v. Community Health Servs. of Crawford County,* 467 U.S. 51, 104 S. Ct. 2218, 81 L. Ed. 2d 42 (1984).

Defendant disputes the amounts contained in the correspondence between counsel. However, even if the Court accepts Defendant's calculations as presented in her reply, the amount paid by Defendant still was an amount insufficient to redeem the property at issue. Consequently, the Court will deny Defendant's motion for reconsideration.

WHEREFORE, it is now hereby **ORDERED** that Defendant's Motion For Reconsideration (Docket No. 31) is **DENIED**.

ENTER:

Dated: September 17, 2007

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE