**FOR PUBLICATION**

```
        IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. CROIX
                                      )
UNITED STATES OF AMERICA,             )
                                      )
             Plaintiff,               )
                                      )    Civil No.  2004-34
             v.                       )
                                      )
CLEOPHA BENNETT,                      )
                                      )
                                      )
             Defendant.               )
_____)
```

ATTORNEYS:

**Angela P. Tyson-Floyd, AUSA**
St. Croix, U.S.V.I.
    *For the plaintiff.*

**Martial A. Webster, Esq.**
St. Croix, U.S.V.I.
    *For the defendant.*

## MEMORANDUM OPINION

**Gómez, C.J.**

Before the Court is the appeal of defendant, Cleopha Bennett ("Bennett"), from an order entered by the Magistrate Judge on September 17, 2007, denying Bennett's motion for reconsideration. At the conclusion of the evidentiary hearing in this matter, the Court ruled in favor of Bennett. This memorandum opinion memorializes that ruling.

### I. FACTUAL AND PROCEDURAL BACKGROUND

*United States v. Bennett*
Civ. No. 2004-34
Memorandum Opinion
Page 2

This matter involves the redemptive rights of Bennett to real property located at Plot #111-D Whim, St. Croix, United States Virgin Islands (the "Property"). The facts leading up to this appeal are discussed below.

On March 28, 2005, the Government obtained a judgment of foreclosure against the property. The property was subsequently auctioned at a marshal's sale on July 20, 2006. At the sale, Ms. Santiago Comacho ("Comacho") bought the property for $58,000. The Court issued an order on December 22, 2006, confirming the sale and giving Bennett six months within which to redeem the property. To redeem the property, Bennett was ordered to pay to the Government the total value of the judgment, plus accrued interest, fees, and costs. The deadline for Bennett to redeem the property was June 22, 2007.

In June, 2007, Bennett contacted the U.S. Attorney's office to inquire about the total amount needed to redeem the property. In a letter dated June 8, 2007, the U.S. Attorney's office told Bennett that the amount needed for Bennett to redeem the property through June 27,2007, was $60,857.19.

Thereafter, on June 21, 2007, Jay Watson ("Watson"), on behalf of Bennett, tendered to Antonia Morales-Velez ("Morales") at the United States Marshal's Office two checks. One check was in the amount of $55,000. The other check was a cashier's check

*United States v. Bennett*
Civ. No. 2004-34
Memorandum Opinion
Page 3

in the amount of $5,857.19.  The two checks totaled $60,857.19. Upon being told by Morales that she could only accept $58,000, Watson later returned and tendered to Morales two checks for a total amount of $58,000.

On July 2, 2007, the Magistrate Judge issued an order directing the Government to release to Comacho the funds that she had deposited with the court.  That same day, the Magistrate Judge issued another order staying the above-mentioned order and scheduling a hearing for July 6, 2007.  Neither party appeared at the hearing, and the Magistrate Judge entered an order for both parties to show cause for failing to appear at the hearing.  The hearing on the order to show cause was scheduled for July 13, 2007.

On July 12, 2007, the Government filed a motion to cancel the show cause hearing as moot.  In that motion, the Government stated that Bennett failed to properly redeem the property.  The Government also stated that because Bennett failed to pay the amount due, Camacho was not entitled to a release of funds, but rather, was entitled to the property.  On July 13, 2007, relying solely on the Government's motion, the Magistrate Judge entered an order cancelling the show cause hearing.  In that order, the Magistrate Judge also found that Bennett did not properly redeem the property, and vacated the order directing the Government to

*United States v. Bennett*
Civ. No. 2004-34
Memorandum Opinion
Page 4

file a motion to release funds to Camacho.

On August 13, 2007, Bennett filed a motion for reconsideration of the Magistrate Judge's July 13, 2007, order. In her motion, Bennett argued that she was denied an opportunity to present her claim or defense. Bennett also argued that she paid $58,000 as instructed by Morales only after first offering $60,857.19.

On September 17, 2007, the Magistrate Judge issued an order denying Bennett's motion for reconsideration of the July 13, 2007, order. The September 17, 2007, order stated that the evidence submitted by Bennett did not persuade the court to reverse its ruling. The Magistrate Judge treated Bennett's claim of an oral misrepresentation as an estoppel claim against the Government. In analyzing Bennett's claim, the Magistrate Judge found that "[Bennett's] reliance upon the oral representation by a clerk in the United States Marshal's Office was unreasonable given the fact that the United States Attorney's office previously confirmed in writing to counsel for Defendant on two occasions the redemption amount as of a date certain. . . ." Order at 2. The Magistrate Judge also found that any misrepresentation made by the clerk did not rise to the level of affirmative misconduct to support a claim of estoppel.

Bennett filed an objection to the Magistrate Judge's order.

*United States v. Bennett*
Civ. No. 2004-34
Memorandum Opinion
Page 5

Bennett argued that the Magistrate Judge erred by failing to take into consideration the sworn affidavits that were submitted in support of her motion. Bennett further argued that she should not be held responsible for the mistakes of a government employee when she was ready and able to pay the required amount to redeem the property.

## II. DISCUSSION

Federal Magistrate Judges derive their authority from the Federal Magistrates Act. *See* 28 U.S.C. § 636 *et. seq*. "In general, a Magistrate Judge, without the consent of the parties, has the power to enter orders which do not dispose of the case." *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998); *see also* Fed. R. Civ. P. 72 (providing guidelines for distinguishing between dispositive and non-dispositive motions). However, the Federal Magistrates Act "draw[s] a sharp distinction between dispositive and nondispositive matters in determining a Magistrate Judge's powers." *Id.* A Magistrate Judge can adjudicate dispositive matters only upon consent of the parties, and special designation of the district court. *See* 28 U.S.C. § 636 (c)(1); *see also Perez v. Sec'y of Health and Human Serv.*, 881 F.2d 330, 336 (6th Cir. 1989)("While the Federal Magistrates Act is intended to ease the burden on the district courts, it is not intended to permit the court to abdicate its obligations.").

*United States v. Bennett*
Civ. No. 2004-34
Memorandum Opinion
Page 6

    Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and LRCi 72.2, a party may seek review of a Magistrate Judge's non-dispositive order by filing objections to the order within ten days after being served with a copy of the order. *Harrison v. Bornn, Bornn & Handy*, 200 F.R.D. 509, 513 (D.V.I. 2001). This procedure is also followed for objections to a Magistrate Judge's recommendations of a dispositive matter. Fed. R. Civ. P. 72(b).

    A motion is dispositive where it has a final effect on the rights of the parties. *See, e.g., N.L.R.B. v. Frazier*, 966 F.2d 812, 816-817 (3d Cir. 1992) (finding a proceeding to be dispositive where it "determines with finality the duties of the parties"). In contrast, a motion is nondispositive where it does not dispose of "a claim or defense of a party." *In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998).

    In reviewing a Magistrate Judge's nondispositive order, a district court will modify or vacate any portion of the Magistrate Judge's order that is found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Anthony ex rel. Lewis v. Abbott*, 289 F. Supp. 2d 667, 671 (D.V.I. 2003). On review of a Magistrate Judge's report and recommendation of a dispositive matter, however, the Court must conduct a de novo review of the portions of the report to

*United States v. Bennett*
Civ. No. 2004-34
Memorandum Opinion
Page 7

which objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see also Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).

### III. ANALYSIS

Section 636 does not expressly authorize a Magistrate Judge to determine post-judgment matters. The plain language of section 636(b)(1)(A) only authorizes a Magistrate Judge to hear and determine *nondispositive pretrial* matters, subject to review by the district court for clear or legal error. Thus, a magistrate's determination of a post-judgment appealable matter that forecloses a defense or disposes of a claim exceeds his authority under the statute. *See, e.g., Colo. Bldg. Constr. Trades Council v. B.B. Andersen Constr. Co., Inc.*, 879 F.2d 809, 811 (10th Cir. 1989) (holding that without designation by the district court and consent of the parties under section 636(c), the Magistrate Judge was not authorized to enter a final, appealable post-judgment order). This is particularly true where the magistrate's post-judgment order disposes of a statutory right of a party. *See, e.g., Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (holding that the Magistrate Judge lacked the authority to determine a post-trial motion for attorney's fees because such a motion disposes of a claim of a party).

*United States v. Bennett*
Civ. No. 2004-34
Memorandum Opinion
Page 8

Similar to a post trial motion for attorney's fees, the right of redemption is a statutory right. *See* 5 V.I.C. § 493. Determination of those rights are solely within the discretion of the district court. *Cf. Massey v. City of Ferndale*, 7 F.3d 506, 511-510 (6th Cir. 1993) (concluding that motions for fees and costs "are not to be *determined* by a Magistrate Judge") (emphasis in original). Furthermore, there is no indication that the parties consented to the authority of the Magistrate Judge, or that this matter was referred to the Magistrate Judge.

Given these circumstances, the Court will vacate the Magistrate Judge's order and review this matter *de novo*. *See, e.g., Anthony v. Mazda Motor of Am.*, Civ. No. 1999-78, 2007 WL 5083335, *3 (D.V.I. Aug. 20, 2007) (vacating magistrate's order and reviewing matter *de novo* where there was no consent to magistrate's authority or referral from the court); *accord Estate of Conners v. O'Connor*, 6 F.3d 656, 659 (9th Cir. 1993) (holding that the error caused by the Magistrate Judge's unauthorized postjudgment order "was cured by the district court's later *de novo* review of the magistrate's findings and conclusions").

The sole question before the Court is whether Bennett properly redeemed the property. The Court's December 22, 2006, order gave Bennett six months within which to redeem the property. The burden of proving redemption lies with the

*United States v. Bennett*
Civ. No. 2004-34
Memorandum Opinion
Page 9

judgment debtor. *See Jensen v. Covington*, 234 S.W. 3d 198, 203 (Tex. App. 2007) (noting that the property owner had the burden of proving redemption within the statutory period).

At the evidentiary hearing, Watson testified that he at first attempted to pay $60,857.19 on Bennett's behalf. Bennett subsequently paid $58,000 only after being instructed by the Government that $58,000 was the proper amount. Indeed, a copy of a $55,000 check, as well as a copy of a check in the amount of $5,857.19 were submitted as evidence at the hearing.

In the face of this evidence, the Government argues that there was no indication that Watson was acting as Bennett's agent. The Government cannot prevail on this argument. Generally, an agency relationship can be created orally. *See Phillips v. Andrews*, 332 F. Supp. 2d 797, 802-803 (D.V.I. 2004)(noting that creation of an agency does not require any formalities). Where the agency relationship concerns an interest in real property, it must be evidenced by a writing conferring

*United States v. Bennett*
Civ. No. 2004-34
Memorandum Opinion
Page 10

such authority to satisfy the statute of frauds. 28 V.I.C. § 241.[1]

Here, Watson acted as Bennett's agent in redeeming the property. Redemption does not create any rights or interest in property. *See UMLIC VP, LLC v. T & M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 606 (Tex. App. 2005) ("Unlike the purchase of real property, redemption does not establish new title; it restores the parties to the position they were in before the lien."). As such, an agency relationship to redeem real property does not fall within the statute of frauds. *See, e.g.*, *In re W.H. Shipman, Ltd.*, 934 P.2d 1, 9 (Haw. Ct. App. 1997) (holding that because no real property interest was transferred to the agent by virtue of her redeeming the property, the statute of frauds was inapplicable).

---

[1] Section 241 provides:

> (a) Except for a lease for a term not exceeding one year, no estate or interest in real property, and no trust or power over or concerning real property, or in any manner relating thereto, can be created, granted, assigned, transferred, surrendered, or declared, otherwise than . . . (2) by a deed of conveyance or other instrument in writing, signed by the person creating, granting, assigning, transferring, surrendering, or declaring the same, or by his lawful agent under written authority, and executed with such formalities as are required by law.

*United States v. Bennett*
Civ. No. 2004-34
Memorandum Opinion
Page 11

While conceding that Watson came to the Court with $60,857.19, and attempted to pay that amount, the Government also argues that Bennett failed to pay the correct amount to redeem the property. The Court is unpersuaded by the Government's arguments. The overwhelming and undisputed evidence indicates that Bennett attempted to redeem her property. While some homeowners may attempt to do so through their attorney, Bennett was ready and willing to do so through her duly authorized agent, Watson. Indeed, but for the Government's own directive, Bennett would have paid $60,857.19. To fault Bennett under those circumstances and seek to deprive her of her statutory right turns logic and all notions of fairness on their heads.

The Government's position is particularly troubling to the extent it ignores the underlying purpose for a right of redemption. The right of redemption is widely recognized as an important and significant property interest of homeowners. *See, e.g., Lee v. City of Chicago*, 330 F.3d 456, 470 (7th Cir. 2003) ("A redemption right is a 'significant property interest.'"); *In re Sims*, 185 B.R. 853, 863 (N.D. Ala. 1995) (recognizing that the right of redemption is "one of the most important rights provided by the states to owners of real property").

Redemptive rights were created to protect property owners and to foster homeownership. *See In re Nossman*, 22 F. Supp. 645,

*United States v. Bennett*
Civ. No. 2004-34
Memorandum Opinion
Page 12

648 (D. Kan. 1938) (noting that "[t]he purpose of the redemption law is to prevent the sacrifice of the debtor's land..."); *Meyerson v. Werner*, 683 F.2d 723, 729 (2d Cir. 1982) (noting that the equity of redemption is "deemed essential to the protection of the debtor"); *Pumilite Tualatin, Inc. v. Cromb Leasing, Inc.*, 919 P.2d 1256, 1258 (Wash. App. 1996) ("Redemption statutes 'are benevolent and remedial in character, having as their main object the prevention of the oppression of a debtor and the sacrifice of his property.'").

Upon review of the record, the Court finds that material information, the amount to redeem, was either withheld or incorrectly provided to Bennett's agent, who in turn relied on the misinformation to his detriment. Under these circumstances, equity demands a ruling in Bennett's favor. *See, e.g.*, *In re County Treasurer*, 881 N.E.2d 576, 582-583 (Ill. App. Ct. 2007) (granting relief to the petitioner where untimely payment for redemption resulted from erroneous information provided by the clerk's office).

## IV. CONCLUSION

For the foregoing reasons, Bennett's appeal of the Magistrate Judge's order will be granted. The Magistrate Judge's July 13, 2007, order will be vacated to the extent it found that Bennett did not properly redeem the property. The Magistrate

*United States v. Bennett*
Civ. No. 2004-34
Memorandum Opinion
Page 13

Judge's September 17, 2007, order will be vacated in its

entirety.  An appropriate order will follow.

                                                S/_____
                                                **CURTIS V. GÓMEZ**
                                                   **Chief Judge**